## SKINNER v. HODGE.

1. An action having been instituted by the heirs of a mortgagor for the recovery of the mortgaged land, the Circuit Judge erred in withdrawing the case from the jury, and directing the complaint to be

amended so as to make the case an action to redeem the mortgaged premises, as by such amendment the claim of the plaintiffs was changed, and a new and different cause and kind of action substituted.

2. Such order being erroneous, all subsequent proceedings, orders, and decrees under the amended complaint must fall with the erroneous order.

Before PRESSLEY, J., Clarendon, October, 1880.

The appeal in this case was from the several orders and decrees stated in the opinion, but the decision passes upon Judge Pressley's order only, which was as follows:

This is a case of trespass to try title. Plaintiffs sue as heirs at law of James D. Skinner. He had mortgaged the land in his life-time, and defendant bought it at a sale by the commissioner in equity, under a decree of foreclosure of said mortgage, but James D. Skinner had not been served with process in that case. Defendant desired to go into proof that he was estopped in that matter by his knowledge of, and presence at, said sale, making no objection to the same. I did not permit said testimony, but withdrew the case from the jury, because, in my opinion, the defendant being, at the least, entitled to all the rights of the mortgagee, and being in possession of the mortgaged property, the right of plaintiffs, if any therein, could not be tried in the form of trespass to try title, but only by an action to redeem.

It is therefore ordered, that plaintiffs, on payment of the costs of amendment, have leave within thirty days from the filing of this order to amend their complaint as they may be advised, so as to conform their action to that of a complaint to redeem the mortgaged property. If said complaint be not so amended, then defendant has leave to enter judgment of non-suit.

After the filing of this order and a subsequent decree of Judge Thomson, in March, 1881, the defendants gave the following notice: "Please take notice, that upon the final determination of said case in said court, the defendant will appeal to the Supreme Court of said State from the order of Judge Pressley, filed on December 16, 1880, allowing the plaintiffs to amend their complaint from trespass to try title to an action to redeem; as also

from Judge Thomson's order, filed March 11, 1881, overruling the defence of equitable estoppel."

After the final decree of Judge Fraser, in July, 1885, the defendants gave notice of appeal, and filed exceptions, of which the first was as follows: "I. Defendant Hodge excepts to the first order of his honor, Judge Pressley, on the ground that it was *ultra vires*, and because it is not a lawful order. And defendant Hodge submits that no costs having been paid thereunder, no amendments could have been made, and all proceedings since are illegal, null, and void."

*Messrs. Moise & Huggins*, for appellants.

*Mr. Jos. F. Rhame*, contra.

February 13, 1886. The opinion of the court was delivered by.

Mr. Chief Justice Simpson. The plaintiffs, respondents, brought action, as heirs of James D. Skinner, to recover the possession of certain real estate. Skinner had mortgaged the land in his life-time, and the defendant, Hodge, bought it at a sale by the commissioner in equity, under a decree of foreclosure of said mortgage. In this proceeding, James D. Skinner had not been served with process, but he was present at the sale, and did not object thereto. At the hearing before his honor, Judge Pressley, the fact that Skinner had not been served with process was developed, and the defendant proposed to go into proof that he was estopped because of his knowledge of, and presence at, the sale, making no objection. His honor declined to permit this testimony, and withdrew the case from the jury, because, as he states, "in his opinion the defendant at the least being entitled to all the rights of the mortgagee, and being in possession of the mortgaged property, the rights of the plaintiffs, if any, therein could not be tried in the form of trespass to try title, but only by an action to redeem." He thereupon ordered that plaintiffs, on payment of the costs of amendment, have leave within thirty days from the filing of the order to amend their complaint as they may be advised, so as to conform their action to that of a complaint to redeem the mortgaged property, and if said complaint be not

so amended, then the defendant has leave to enter judgment of non-suit.

From this order the defendant gave notice of appeal upon the final termination of the case. Afterwards the case came on for hearing before his honor, Judge Thomson, who states in his decree, that the case being called for trial, and the defendant's counsel being willing that it should be heard, upon the ground of equitable estoppel, without, however, waiving other grounds of defence, to which plaintiffs' counsel agreed, it was heard upon that question, to wit, Did the record of foreclosure, with the oral testimony submitted, exhibit a case of equitable estoppel? Upon this question, his honor decreed adversely to the defendant, adjudging "that the defence of equitable estoppel was inapplicable to the case, and that the same be overruled." From this decree the defendant gave notice of his intention to appeal, upon the final determination.

After this, the case came before his honor, Judge Hudson, who, referring to the order of his honor, Judge Pressley, and that in pursuance thereof the plaintiffs had amended the complaint so as to convert the action into one to redeem, to which the defendant had answered, in which he had interposed several defences, viz., that the plaintiffs had not complied with the order of Judge Pressley as to the payment of the costs; that there was a defect of parties, in that the plaintiffs had failed to make the personal representatives of James·D. Skinner and of his deceased wife, Sallie Skinner, parties, and also one John N. Brown, to whom the defendant, Hodge, had sold a part of the land; also the estoppel relied on; and holding that he had no power to review those matters which had been previously judicially determined by his predecessors, proceeded to consider such points as he regarded open and undetermined, and decreed, in substance, 1st, that the plaintiffs had the right to bring an action to redeem; 2d, that the representatives of James D. Skinner and of Sallie, his deceased wife, were not necessary parties, the said Sallie having died testate, bequeathing her interest to the plaintiffs, and no administration having ever been taken upon the estate of James D. Skinner; 3d, that the clerk of the court, as successor to the commissioner in equity, and John N. Brown, who had purchased a part of the

land from Hodge, should be made parties; and, 4th, that to entitle the plaintiffs to redeem, they should not only reimburse Hodge and Brown the money paid for the land, but also for all taxes and other expenditures in maintaining and improving the premises, and, in addition, that they should pay to the mortgagees the entire balance due on the mortgage debt after the sale of the land, with the costs of the proceedings—the plaintiffs having the right, however, to offset against the aforesaid items of payment such rents and profits as Hodge and Brown may have realized by their possession of the land, or the sum total of the value of the use and occupation thereof, if they have not realized rents and profits.

He further held that the complaint was not fatally defective on account of the fact that plaintiffs had not offered in their complaint to pay the mortgage debt and the other expenses enumerated, having alleged that Hodge had realized enough rents and profits to pay the mortgage debt and said expenses, which, if upon an accounting proved not to be the case, the plaintiffs should make good the deficiency; and, further, that redemption would not be decreed until plaintiffs should do all that the law required of them, whether they had offered to do so in their complaint or not; finally decreeing that the complaint could not be dismissed for the defects complained of by the defendant Hodge, and that it should be retained, with leave to the plaintiffs within thirty days to take the necessary steps to bring in as parties John N. Brown and the clerk of the court as defendants, on failure of which the complaint to be dismissed with costs.

After this, the case came up again before his honor, Judge Pressley, who, by consent of attorneys on all sides, ordered a reference, directing the referee to state the accounts between the several parties in manner and form following: "1st. That he take an account of the rents and profits which have accrued to the defendant, John J. Hodge, respectively for the use, occupation, and enjoyment of the premises described in the complaint and every part thereof, and the amount realized by the said John J. Hodge from the sale of said premises to the defendant Brown. 2nd. That an account be taken of the amount due on the said bond and mortgage, and of any sums expended on the property, or for taxes and improvements by the defendants, and of the

share of the proceeds of said bond and mortgage, to which the heirs of the said James D. Skinner are entitled, if any. 3rd. That the referee ascertain what costs or counsel fees the defendants have become liable for or paid in the defence of this action, with leave to report any special matter, and upon the coming in and confirmation of this report, the action may be brought on for final determination."

In due time the referee made his report, which came before his honor, Judge Witherspoon, with numerous exceptions from the defendants, upon the hearing of which the judge found it necessary to recommit the case to the referee, with instructions as to certain matters therein. From this decree the defendants gave notice of an appeal, upon the ground that his honor erred, in matter of fact, "in stating that the referee had allowed defendants interest upon the purchase money, which he had not done; and in matter of law, in holding that rents and profits drew interest, which, it is respectfully submitted, they do not draw, being in lieu of interest themselves, and are not liquidated demands on which interest would run." The defendant, Brown, also gave notice of an intention to appeal, upon the ground, "that his honor overruled the exceptions taken to the referee taking account of the rents and profits realized by Brown, when his co-defendant, Hodge, had been charged with the amount of purchase money received of Brown, so that if Brown has to account for rents and profits, and Hodge for the purchase money paid by Brown, there will enure to the plaintiffs double returns from same land, to wit, the purchase money and interest thereon, and the rents and profits. The referee not having credited John N. Brown with the amount of money paid by him to Hodge, and interest thereon, there can be no basis for an accounting by Brown for rents and profits on such land, and no order for such has been made in the cause."

. The referee made a second report under the order of Judge Witherspoon, which came up with exceptions before his honor, Judge Fraser, who, after stating the history of the case up to that time, and the questions which in his judgment had been adjudicated in the many orders and decrees already pronounced in the case, gave a final decree, overruling the most important exception

of the defendant, in which he objected to the finding of the referee fixing the rental value of the premises at $100 per annum, this being fixed as the rent of the dwelling-house on the plantation separate from the rents and profits of said plantation, and decreeing that the deed from the commissioner in equity to the defendant Hodge, and of defendant Hodge to Brown, were void, except for the purpose of protecting their rights under the decree; that the plaintiffs had the right to redeem on payment to the clerk of the court of the sum of $401.01, with interest, and in case the plaintiffs should not make such payment, then that the land should be sold by the sheriff, the proceeds, after the payment of the expenses of sale, to be turned over to the clerk of the court, $401.01 of which was to be held by him, as if paid in by the plaintiffs, and to be paid out as follows, to wit, $303 as costs, $60 as a fee to the defendants' attorneys, and the balance to the defendant Brown; all over the sum of $401.01, of the proceeds of said sale to be paid to the plaintiffs and the guardians of the minors. The plaintiffs to pay their own costs and those of the clerk of the court, together with the costs of Hodge and Brown, already provided for. From this decree the defendants gave notice of intention to appeal, with exceptions.

The case is a complicated one, and its history is long and tedious. The main question involved, however, in our opinion, arises upon the first order pronounced in the case by his honor, Judge Pressley. This meets us at the threshold, and must be first disposed of. We do not mean to say that the other questions raised to the several subsequent orders are not important, but from the view which we take of the case, they cannot arise in its consideration here. In our opinion, the order of his honor, Judge Pressley, changing the case from an action at law to recover possession of the land, to an action in equity to redeem, was erroneous, and, therefore, that all subsequent proceedings have been unwarranted, rendering it unnecessary to consider the questions involved in said proceedings, as they cannot be said to properly arise in the case.

The practice under the code is quite liberal as to amendments, in furtherance of justice, and this court is in full accord with this spirit of the code. But the code itself places a restriction to said

practice, which, it seems to us, has been disregarded in the order
in question. Section 194 of the Code provides: "That the court
may, before or after judgment, in furtherance of justice and on
such terms as may be proper, amend any pleading, process, or
proceeding by adding or striking out any name of any party, or
by correcting a mistake in the name of a party, or a mistake in
any other respect, or by inserting other allegations material to
the case, or when the amendment does not change substantially
the claim or defence, by conforming the pleading or proceeding
to the facts proved." This section is the authority for the courts
in reference to amendments, and while it is quite extensive, yet
it is not unlimited. It does not allow amendments which, in their
effect, change substantially the claim or defence.

Now, has not the amendment in question substantially changed
the claim of the plaintiffs? The original claim was to recover
certain real estate in the possession of the defendant, presented
in an action at law. The amendment has, in effect, dismissed
this action, or rather has expunged this claim from the plaintiffs'
complaint, and allowed him to write therein a new and a different
cause of action, and subject to a new and a different jurisdiction.
It may be that the action, as amended, was the proper one for
the plaintiff, and the one which, under the facts, he should have
instituted in the beginning. But having commenced his action
at law, we think it was without authority to engraft upon this
action a new and a different cause, like that below, and allowing
it to proceed in the place and stead of the action which the defen-
dants had been summoned to answer, and have tried. We know
of no precedent for such an amendment. The order must be
reversed.

Such being the judgment of the court, as already stated, we do
not regard the other orders and decrees as before us, and we pro-
nounce no opinion as to the questions arising thereon. These
subsequent orders and decrees must, however, fall with the original
order, not that they contain error (they may, or may not, be
right), but because the case was not in condition for the adjudica-
tion found in said orders and decrees.

It is the judgment of this court, that the order of his honor,
Judge Pressley, authorizing the amendment referred to above, be

reversed, and that all subsequent proceedings be set aside, and that the case be remanded.